## J. M. VAUGHN v. S'. R. REAGAN, et al.

Eastern Section.   January 7, 1928.

Gamble, Crawford & Goddard, of Maryville, for appellant.

N. M. McDaniel, of Madisonville, and Ray H. Jenkins, of Knoxville, for appellee.

THOMPSON, J.   On April 10, 1923, J. M. Vaughn sold a farm in Monroe county to S. R. Reagan for the sum of $14,000. Reagan paid Vaughn $1,000 in cash, and executed to him twenty-six negotiable promissory notes secured by a lien retained in the deed. Each of these notes was dated April 10, 1923, and was in the sum of $500. The first matured on April 10, 1924, and one matured on April 10th of each year thereafter. On the face of each note was the following: ''Interest from date at five per cent payable annually,'' and also a provision for the payment of ten per cent attorney's fees, etc.

On November 13, 1925, Vaughn filed the bill in this cause alleging that some of the notes and interest were past due and unpaid and that by acceleration all of them and interest were therefore past due and unpaid, and praying for a foreclosure of his vendor's lien retained in the deed as well as a personal judgment against Reagan. The bill also alleged that Reagan had given Vaughn a lien on his 1925 crop to secure the payment of the note falling due on April 10, 1926, and praying for the appointment of a receiver for said crop and a foreclosure of said lien, and the Chancellor appointed a

receiver who took charge of and sold said crop. The bill also made one, Wayne Curtis, a party defendant, but was dismissed as to him on final hearing. The bill also made W. M. McCulloch, T. L. McCulloch and Loyd Kirkland parties defendant and sought a recovery against them in addition to Reagan, for principal, interest and attorney's fee on a $500-note which they endorsed for Reagan, maturing on June 1, 1925, and which Reagan gave Vaughn in payment of the series note which fell due on April 10, 1924, and which Reagan had been unable to otherwise pay. The Chancellor ordered this last feature of the bill separated from the balance of the suit and treated as a separate bill—which was done. He gave judgment against Reagan, the two McCullochs and Kirkland for the principal, interest and attorney's fee on said $500-note which matured on June 1, 1925. Neither the McCullochs nor Kirkland have appealed, and the assignments of error on behalf of Reagan do not question the correctness of this part of the decree.

The cause was finally heard on April 23, 1927, and a decree was entered in substance as follows:

1. That Vaughn recover of Reagan a balance of $156.14, as principal (the note having a credit of $343.86), ten per cent attorney's fee and interest from the date of maturity until paid, on the $500-lien note which matured on April 10, 1925.

2. That Vaughn recover of Reagan the annual interest on the series of lien notes to April 10, 1925, and amounting to $617.19.

3. That Vaughn recover of Reagan $500 principal, and $50 attorney's fee on the $500-lien note which matured on April 10, 1926.

4. That Vaughn recover of Reagan the annual interest on the series of lien notes calculated up to April 10, 1926, and amounting to $600.

5. That Vaughn recover of Reagan the principal of the lien note maturing April 10, 1927, in the sum of $500, and attorney's fee thereon of $50.

6. That Vaughn recover of Reagan the annual interest on the series of lien notes calculated up to April 10, 1927, and amounting to $550.

7. That there was no provision in the lien notes or in the deed providing for the acceleration of the maturity of the remaining lien notes on account of any of said lien notes being past due and unpaid.

8. That Reagan executed to Vaughn a mortgage on the 1925 crop as a further security for the lien note which matured on April 10, 1926, that the attachment of said crop be sustained, and that the funds received by the receiver as a result of the sale of said crop, less costs and expenses incurred by the receiver, be credited on the foregoing recovery.

9. That all of the foregoing recovery was a lien on the farm.

10. That unless said recovery, i. e., principal, interest, attorney's fees and court costs, be paid within thirty days such part of the farm as will be sufficient to discharge and pay off the total decree be sold, etc., but a reference was first ordered to ascertain whether or not the farm can be so divided into separate tracts without great injury to the parties.

11. "The question of whether or not only a sufficient quantity of said land will be sold to satisfy the decree herein granted at this time, or the entire tract will be sold, is reserved for further decree until the incoming of the Master's report heretofore directed, as well as terms of sale."

12. "This cause will be retained on the docket for further and future orders."

The defendant, Reagan, has appealed and has assigned errors, the first of which is as follows:

"1. The Honorable Chancellor erred in decreeing judgment against S. R. Reagan for the interest on said notes to April 10, 1925, amounting to $617.19."

The record shows that Reagan paid Vaughn the annual interest on the series of lien notes up to April 10, 1924, by turning over to Vaughn a sufficient amount of the crops for this purpose. He also paid the lien note which matured on April 10, 1924, by giving him in lieu thereof his note endorsed by the two McCullochs and Reagan. But he paid no further interest on the notes. It is true that on page fifty-six of the record Vaughn appears to have stated that the crops paid the interest to April 10, 1925, but a reading of his entire deposition makes it perfectly plain that this was a mistake and that interest was paid only to April 10, 1924.

Since each and all of the notes provide on their face: "Interest from date at five per cent, payable annually," the Chancellor was not in error in decreeing interest on the unpaid series of notes from April 10, 1924 to April 10, 1925, and the first assignment of error will be overruled.

The second and third assignments of error are as follows:

"2. The Honorable Chancellor erred in decreeing judgment against S. R. Reagan for the note maturing April 10, 1926.

"3. The Honorable Chancellor erred in rendering judgment against the defendant Reagan for the interest on the series of notes to April 10, 1926, in the sum of $600.

"The Honorable Chancellor erred in decreeing judgment against S. R. Reagan in the sum of $550, on the note maturing April 10, 1927, and for interest on said series of notes to April 10, 1927, in the sum of $550."

It is true that none of the indebtedness and recovery which are made the basis of these assignments of error were due and payable on November 13, 1925, when the bill was filed, and it is also true

that there was no provision for an acceleration of the maturity of the series of notes on default in the payment of one, etc. But there was a default in the payment of the note maturing on April 10, 1925, and a default in the payment of interest on all of the notes to April 10, 1925, when the bill was filed, and complainant was entitled to have his vendor's lien enforced as to this default. It should also be remembered that, however unfounded, the bill alleged that (by acceleration) all of the notes and interest were past due and unpaid, and prayed for a foreclosure of the vendor's lien as to all of the lien notes and interest.

Shannon's Code, Sections 5326, 5327 and 5328 are as follows:

"5326. The vendor of land, as each payment of the purchase money becomes due, may bring his suit to enforce his lien as vendor, and may have so much of the land sold as may be necessary to pay the money then due.

"5327. The suit shall be retained in court, and, as each of the payments becomes due, the court shall direct a sufficient quantity of the land to be sold to satisfy the same.

"5328. If the land can not be divided without great injury to the parties, or, if the vendee so direct, the court shall order it all to be sold at one time, making the payments to fall due at such times as the purchaser has agreed to pay the vendor; and the money, as collected, shall be applied to the payment of the installments due the vendor."

It seems to us that one of the lien notes and a year's interest on all of the lien notes being past due and unpaid at the time the bill was filed, the Chancellor was not in error in including in the recovery which he allowed and gave judgment for, all of the notes and interest which were past due and unpaid at the time of his decree, i. e., on April 23, 1927. This he did as recited in the decree, "as upon his (complainant's) motion therefor." That this was not error is shown by the cases annotated under Shannon's Code, Section 5329.

We are therefore of the opinion that the second and third assignments of error are not well taken, and the same are overruled.

The fourth assignment of error is as follows:

"The Honorable Chancellor erred in holding that the defendant Reagan executed to complainant, Vaughn, a mortgage on the 1925 crops on the land in question. And in ordering the appointment of a receiver, and in sustaining the attachment issued, and in ordering the funds derived from the sale of the crops attached (to be) held and applied on the decree awarded by the court."

It is clear from the record that both Vaughn and Reagan intended (and attempted to carry out that intention) for Reagan to give Vaughn a lien on the 1925 crop to secure the lien note maturing on April 10, 1926. On October 18, 1924, Reagan signed a paper writing

stating that: "I, S. R. Reagan give John Vaughn lien on 1925 crops till this April 10, 1926 payment is paid," and Vaughn also executed two chattel mortgages conveying said 1925 crop to secure the payment of said note maturing April 10, 1926. One of these chattel mortgages was executed November 13, 1924, and the other a few days later.

It appears that the situation was that Reagan had not paid the note which matured on April 10, 1924, and which he later paid by giving in lieu thereof his note endorsed by the McCullochs and Kirkland. Vaughn was willing to do what he could to be lenient with Reagan so that Reagan could keep the farm. Reagan desired to cut and sell some valuable timber on the farm and Vaughn was unwilling for him to do so without insuring to Vaughn the payment of the notes falling due on April 10, 1925, and on April 10, 1926. An agreement was reached whereby Reagan made a contract with one, Wayne Curtis, to cut and sell the timber and pay to Vaughn $5 per thousand feet to be applied on the note falling due April 10, 1925, and Reagan to give Vaughn a lien on the 1925 crop to secure the payment of the note maturing April 10, 1926. The signing of the paper writing above mentioned and the execution of the chattel mortgages was the outgrowth of this situation and agreement, and we think there was a sufficient consideration. The fourth assignment of error will therefore be overruled.

The fifth and last assignment of error is as follows:

"The Honorable Chancellor erred in ordering the sale of any part or all of said land, except for the judgment of $156.14, being the balance on the note maturing April 10, 1925."

It seems to us that what we have said in response to the first three assignments of error constitutes a sufficient response to this one, and the same will be overruled.

It results that in our opinion there was no error in the decree of the lower court and the same will be affirmed. The cause will be remanded for the purpose of carrying said decree into effect. The costs of the appeal will be taxed against Reagan and the sureties on the appeal bond.

Portrum and Snodgrass, JJ., concur.